**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE ASSOCATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,**

**Plaintiff,**

**v.** **C.A. NO. 06-69T**

**W. MICHAEL SULLIVAN, in his Official Capacity as Director of the Rhode Island Department of Environmental Management,**

**Defendant.**

**DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

NOW HERE COMES Defendant, W. MICHAEL SULLIVAN, in his official capacity as the Director of the Rhode Island Department of Environmental Management, and hereby moves to dismiss Plaintiff's, Association of International Automobile Manufacturers complaint, pursuant to the Federal Rule of Civil Procedures, Rule 12(b)(1), for lack of subject matter jurisdiction because Plaintiff's claim is not ripe for judicial review.

Defendant's Memorandum of Law in support of its Motion to Dismiss is attached hereto.

Respectfully Submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Tricia K. Jedele #5958
Michael Rubin #3656
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

Of Counsel:

Timothy Pavilonis, Esq.
Office of Legal Counsel
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 7th day of April, 2006 to those indicated below:

Raymond B. Ludwiszewski, Esq.
Charles H. Haake, Esq.
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave. NW
Washington, DC 20036

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Mary C. Dunn, Esq.
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ASSOCATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 06-69T** |
| **W. MICHAEL SULLIVAN, in his Official Capacity as Director of the Rhode Island Department of Environmental Management,** | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff's case (similarly to the Complaint in the companion Lincoln Dodge case, C.A. No.06-70T) is non-justiciable and this court lacks subject matter jurisdiction to decide it because it is not ripe for judicial review. See Ernst & Young v. Depositors Economic Protection Corporation, 862 F. Supp. 709, 713 (D.R.I. 1994) (citing St. Clair v. City of Chico, 880 F.2d 199, 202 (9th Cir. 1989) ("A jurisdictional challenge based on ripeness of the complaint is considered a 12(b)(1) motion."). See also United States v. Lahey Clinic Hospital, Inc., 399 F.3d 1, 8 (1st Cir. 2005) ("Ripeness challenges may be appropriate in a motion to dismiss for lack of subject matter jurisdiction").

Plaintiff seeks a declaration from this court that the Rhode Island Department of Environmental Management's ("RIDEM") greenhouse gas emission standards for new motor vehicles are preempted. Plaintiff further seeks to enjoin RIDEM from adopting or enforcing its greenhouse gas emissions from new motor vehicles or new motor vehicle

engines where those vehicles and engines are already subject to the federal requirements dictated by the federal Clean Air Act ("CAA") and the federal Energy and Policy Conservation Act ("EPCA"). See Complaint ¶¶ 52-59 and 60-67; see also 42 U.S.C. § 7543(a) and (b).

RIDEM agrees that the CAA generally prohibits states from enforcing standards related to the control of greenhouse gas emissions from motor vehicles. If, however, such states adopt standards that are identical to the State of California emission standards for which the United States Environmental Protection Agency ("EPA") has granted a waiver of preemption under Section 209 (b) the CAA, then such states may adopt the California standards without worry of preemption. See 42 U.S.C. §7507, CAA §177.[1]

On December 21, 2005, the California Air Resources Board, by and through its Executive Officer, Catherine Witherspoon, on behalf of the State of California, requested "a waiver of preemption under CAA Section 209(b) for its Greenhouse Gas Emission Regulations." See Ex. A (State of California's Waiver of Preemption Request). EPA has not yet ruled on the waiver request.

On December 22, 2005, after notice and public comment, RIDEM adopted the identical sections of the California Low Emission Vehicle program applicable to passenger cars, light-duty trucks and medium-duty vehicles under Title 13 of the California Code of Regulations ("CCR"), including the California Greenhouse Gas Emissions Regulations challenged herein, and *incorporated by reference* the emission standards set forth in Title 13 of the CCR. See Ex. B (Selected Portions of RIDEM's Air

[1] The CAA provides that a waiver is available to "any State which has adopted standards (other than crankcase emission standards) for the control of emissions from new motor vehicles or new motor vehicle engines prior to March 30, 1966." See 42 U.S.C. § 7543(b)(1). California is the only state that is eligible for a waiver under this provision of the CAA.

Pollution Control Regulation No. 37, "Rhode Island's Low Emission Vehicle Program" ("Reg. 37").

RIDEM acknowledges, both in Reg. 37 itself, and in the instant Motion to Dismiss, that although it has adopted Reg. 37, it cannot enforce its substantive provisions against the Plaintiff unless and until EPA grants a waiver to the State of California. Specifically, Section 37.7.4 of Reg. 37 provides that the Department "shall enforce the requirements of this regulation *in accordance with* Title 13 CCR, and *applicable federal* and Rhode Island *law*." (Emphasis added.) See Ex. B and Ex. C (Affidavit of Stephen Majkut, Chief of RIDEM's Office of Air Resources). Since the greenhouse gas emission standards of Reg. 37 are currently inoperative and will not become operative unless such waiver is granted, the enforceability of the greenhouse gas emission standards is not an issue for adjudication.

Until EPA rules on California's waiver request, therefore, – a ruling that can take a number of years – Plaintiffs' case is not ripe for review because RIDEM cannot, and would not, enforce Reg. 37. See International Complaint, Count II. Then, in a "House-That-Jack-Built" fashion, the remaining count in Plaintiff's Complaint, Count I, likewise is non-justiciable.

As discussed below, Count I cannot be affirmatively decided absent a ruling from EPA concerning the overriding question of preemption under the CAA. If EPA denies the State of California's waiver request, then there are no preemption issues for this Court to adjudicate. In such case, there would be no need for the Court to intervene. [2]

---

[2] If, on the other hand, EPA grants the State of California's waiver request, then EPA will have decided that the State of California's greenhouse gas emission standards are a valid exercise of its authority under the CAA. The challenged portions of Reg. 37 would

**The Federal Waiver of Preemption Process**

While the CAA does specifically prohibit states from adopting or enforcing standards related to the control of emissions from new motor vehicles, it also requires the EPA to waive Section 209(a) preemption for new motor vehicle standards adopted by the State of California when certain criteria are met.[3] See 42 U.S.C. § 7543(b). Congress also provided that any state could adopt and enforce California emission standards for new motor vehicles in their respective states provided certain conditions were met.

Section 177 of the CAA permits any State, "to adopt and enforce for any model years standards relating to control of emissions from new motor vehicles or new motor vehicle engines, provided that such state adopts standards that are "identical to the California standards *for which a waiver has been granted* for such model year." 42 U.S.C. § 7507, CAA § 177. (Emphasis added.) Section 177 also requires the State of California and such state to adopt the standards "at least two years before commencement of such model year." Id.[4] The relevant phrase in Section 177 for purposes of determining whether Plaintiff has raised legal issues ripe for judicial review is "for which a waiver has been granted." 42 U.S.C. § 7507, CAA § 177.

The so-called "waiver" provision in Section 209(b) of the CAA requires the Administrator of EPA to grant a waiver of preemption to the State of California if the

---

become operative and enforceable, although Plaintiffs may choose to assert some other alleged defect in the greenhouse gas emission standards at that time.

[3] *I.e.*, "if the State determines that the State standards will be, in the aggregate, at least as protective of public health and welfare as applicable Federal standards." 42 U.S.C. § 7543(b).

[4] States that opt to adopt California standards are sometimes referred to as Section 177 States.

California emission standards for new motor vehicles are "at least as protective of the public health and welfare as applicable Federal standards." 42 U.S.C. §7543(b)(1), CAA §209(b)(1) ("The Administrator *shall* . . . waive application of this section . . . if the State [referring to the State of California] determines that the standards are a least as protective of public health and welfare as the Federal standards") (emphasis added). EPA can also make certain other findings under Section 209(b) of the CAA, to reach a conclusion that "no such waiver shall be granted." Specifically, EPA cannot grant the waiver if the agency finds the regulations are "arbitrary and capricious," not necessary "to meet compelling and extraordinary conditions," or inconsistent with Section 202(a) of the CAA. 42 U.S.C. §7543 (b)(1)(A), (B) and (C).

## ARGUMENT

### I. COUNT II (THE CENTRAL COUNT) IN PLAINTIFF'S COMPLAINT IS NOT RIPE FOR JUDICIAL REVIEW.

The ripeness doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 808 (2003) (citing Reno v. Catholic Social Services, Inc., 509 U.S. 43, 57 n. 18 (1993)).

Article III, Section 2 of the United States Constitution requires courts to hear only actual cases and controversies. Here, Plaintiff has failed to allege facts "giving rise to 'case or controversy,' which is 'ripe' for adjudication." See Ernst & Young, 862 F.Supp. at 713 . Because ripeness is part of the jurisdictional prerequisite for review, this Court is compelled to discuss the ripeness doctrine as it pertains to the question of whether the CAA preempts Reg. 37. If the case is not ripe then this Court generally lacks jurisdiction over the matter. Faerber v. City of Newport, 51 F.Supp. 2d 115, 124 (D.R.I. 1999).

The enforcement of the challenged greenhouse gas standards in Reg. 37 are contingent upon an event yet to occur (an EPA waiver decision), and it is only through enforcement of Reg. 37 that the alleged harm could hypothetically occur. At present, Plaintiff has no legal obligation to comply with Reg. 37. Plaintiff can make a business decision to comply with the greenhouse gas emission standards in Reg. 37, but that would be a voluntary choice, not a legal obligation. As a threshold matter, therefore, and constitutionally speaking, the "constitutional component of ripeness is lacking in this action, and the prudential element need not be reached." See Ex. D (Portions of Order from International Truck & Engine Corporation v. Alan C. Lloyd, CIV. S-01-1245 GEB/GHH at 4, n.4 (E.D.Cal. Oct. 24, 2001)) [action claiming preemption under the CAA of vehicle emission standards adopted by the California Air Resources Board dismissed for lack of jurisdiction because EPA had not addressed waiver] (quoting Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1141 (9th Cir. 2000)).

For an action to be ripe as a prudential matter, Plaintiffs must demonstrate both that the issues are fit for review and that absent immediate review they would suffer direct and immediate harm. See Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). In other words, "[t]he standards include the question of how conclusive would a decree be, and what hardship results from a failure to grant relief." Ernst &Young, 862 F. Supp at 714. Plaintiff fails here as well.

A. PLAINTIFF'S CLAIMS ARE NOT FIT FOR REVIEW

In deciding questions of ripeness, the First Circuit has held that "perhaps the most important considerations in determining whether a claim is ripe for adjudication is 'the extent to which the claim involves uncertain and contingent events that may not occur as

anticipated, or indeed may not occur at all.'" Lincoln House, Inc. v. Dupre, 903 F.2d 845, 847 (1st Cir. 1990) (quoting 13A Wright & Miller, Federal Practice and Procedure § 3532.2 at 141 (1984)).

1. EPA's Waiver Decision is an Uncertain and Contingent Event that Must Occur Before this Court Can Make Any Decisive Ruling on Whether the CAA Preempts Reg. 37 .

In Count II of its complaint, Plaintiff alleges "uncertain and contingent events that may not occur as anticipated." See Lincoln House, 903 F.2d at 847. In so doing, Plaintiff highlights the fact that this case is not ripe and deflate the immediacy of any hypothetical harm they might suffer from RIDEM's adoption of Reg. 37. Specifically, Plaintiff agrees with Defendant that, "the only exceptions to federal exclusivity are the [provision] of Section 209(b) of the CAA . . . which allows other states to adopt and enforce California standards for which a waiver has been granted." See International Complaint ¶ 63 [sic]. Plaintiff also acknowledges that, "the review process for the waiver can take several years." See International Complaint ¶ 63. Further, Plaintiff alleges that RIDEM "is now and will continue to enforce the DEM Regulations in violation of federal law unless enjoined by this Court from doing so." See International Complaint, ¶ 67. This is not so. Rhode Island acknowledges and agrees that it cannot enforce any California vehicle emission standards for which EPA has not granted a waiver.

2. RIDEM May Adopt California Emission Standards Prior to the Issuance of A Waiver Under Section 209(b) of the CAA.

RIDEM is authorized to adopt, but not enforce Reg. 37 prior to EPA granting a waiver. In Massachusetts, Federal District Judge Mazzone has held that reading Section 177 to require a waiver before the participating states that could invoke that section could

adopt the California standards would be unworkable. According to that judge, such a reading "would virtually guarantee that section 177 states could never implement California standards in the same model year as California. This result does seem likely to lead to utter chaos." American Automobile Manufacturers Association v. Greenbaum, 1993 WL 443946, 7 (D. Mass. 1993).

The United States Court of Appeals for the Second Circuit reached the same conclusion, holding that that the waiver referenced in Section 177 of the CAA was not a "precondition" to the adopting of California emission standards but, rather, "the waiver is a precondition to enforcement." Motor Vehicle Mfrs. Assoc. of the United States, Inc. v. New York Department of Environmental Conservation, 17 F.3d 521, 534 (2d Cir. 1994)("MVMA III"). Specifically, the Second Circuit provided:

> [I]t is sensible for DEC to adopt the standards prior to the EPA's having granted a waiver, so long as the DEC makes no attempt to enforce the plan prior to the time when the waiver is actually obtained.

Id.

The ability of a state to adopt the California standards before EPA has granted a waiver, despite such state's inability to enforce the regulations, is important, therefore, for two reasons. First, as the Second Circuit notes, adoption prior to enforcement and prior to a waiver decision by EPA provides Plaintiffs with notice of what their obligations would be in the future should the waiver be granted. This notice was intended by Congress and is the reason for the two-year lead-time requirement in Section 177. See 42 U.S.C. § 7507 (2) (requiring that "California and such state adopt such standards at least two years before commencement of such model year"). On this point, and with respect to the New York Department of Environmental Conservation's vehicle emission standards,

the Second Circuit stated that "[b]y adopting without enforcing, the challenged [regulations], before EPA ruled on the waiver application, the DEC put plaintiffs on notice that New York intends to take the same path as had California." See MVMA III, 17 F.3d at 534. Adopting the California standards before enforcement, therefore, actually provides auto manufacturers with more notice allowing the auto industry to develop a consistent and single compliance strategy for sales in all participating states.

Second, adopting the California standards prior to an EPA waiver decision allows a state employing Section 177 to regulate and enforce the California emission standards in concert with California, *i.e.*, for the same model years being regulated by California and sister states also relying upon Section 177.

## B. PLAINTIFF CANNOT DEMONSTRATE A DIRECT AND IMMEDIATE HARM

In order for Plaintiff to successfully assert jurisdiction in this case, it must show that it has "sustained or is immediately in danger of sustaining a direct injury as a result of the application of" Reg. 37. See Laird v. Tatum, 408 U.S. 1, 13, 92 S.Ct. 2318, 2325, 33 L.Ed.2d 154 (1972). This prong of the ripeness test is "entirely prudential," although very similar to the "cases or controversies" requirement in Article III of the U.S. Constitution. See Operation Clean Government v. The Rhode Island Ethics Commission, 315 F.Supp.2d 187, 196 (D.R.I. 2004). In other words, "a plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." McCollester v. City of Keene, 668 F.2d 617, 620 (1st Cir. 1982) (quoting Babbitt v. United Farm Workers National Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed. 826 (1941)); see also Operation Clean Government, 315

F.Supp.2d at 196 (quoting McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 70 (1st Cir. 2003) ("the hardship inquiry 'encompasses the question of whether plaintiff is suffering any present injury from a future contemplated event.'")).

The mere adoption of Reg. 37 does not cause Plaintiff to suffer a direct or immediate harm that would warrant injunctive relief. See Ernst & Young, 862 F. Supp. at 714 ("the hardship, if any, experienced by E&Y is that of a litigant who claims the law to be invalid. This is a curious form of hardship. . . . This lack of absolute certainty is the stuff in which the professionalism of the lawyer luxuriates"); St. Clair v. City of Chico, 880 F.2d 199, 203 (9th Cir. 1989) (claim challenging the application of a particular land use regulation was not ripe for review because a final determination had not been reached concerning the appellant's application); and Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1585 (Fed. Cir. 1993) (claim not ripe on grounds that plaintiff had not suffered any immediate harm – the validity of the patent had not been finally determined).

Plaintiff's harm is not direct or immediate as it is wholly contingent upon EPA's decision to grant a waiver to the State of California. See Motor Vehicle & Equip. Mfg. Ass'n, Inc. v. EPA, 627 F.2d 1095, 1122 (D.C. Cir. 1979) ("if Plaintiff prevails in its assertion that a preemption waiver is inappropriate, no waiver would issue"); see also Sierra Club v. United States Nuclear Regulatory Comm'n, 825 F.2d 1356, 1362 (9th Cir. 1987) (EPA's denial of a waiver would "render [this] case moot and judicial review completely unnecessary").

## II. IF COUNT II IS NOT RIPE FOR REVIEW THEN PLAINTIFF'S COUNT I LIKEWISE IS NOT RIPE FOR REVIEW.

Plaintiff's complaint seeks declaratory and injunctive relief in two separate counts: alleging that the Energy Policy Conservation Act of 1975 preempts Reg. 37 [Count I] and; alleging that the Clean Air Act preempts Reg. 37 [Count II].

Until EPA rules on California's waiver request, however, and especially if EPA denies the waiver request, any decision this Court renders on Counts I and II of Plaintiff's complaint, today, would be advisory in nature only. See Mangual v. Rotger-Sabat, 317 F.3d 45, 59 (1st Cir. 2003)("The element of fitness focuses on the prohibition of advisory opinions, and prevents courts from issuing premature opinions"); see also Ernst & Young, 45 F.3d at 536 (quoting Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dept., 973 F.2d 18, 20 ("[J]udicial decisions cannot be based on speculative facts or a hypothetical record")).

The Energy Policy Conservation Act of 1975 ("EPCA") claim (Count I) turns on the question of whether the California standards are a legitimate exercise of California's authority under Section 209 (b) of the CAA. Indeed, EPCA requires the National Highway Transportation and Safety Administration ("NHTSA"), the agency charged with administering EPCA, to consider the effect of validly adopted and enforced vehicle emission standards on fuel economy. See 49 U.S.C. § 32902(f). In other words, EPCA itself reflects an expectation by Congress that validly adopted state emission standards would *not* be preempted by EPCA's fuel economy standards. EPA will decide whether California's emission standards are a valid exercise of the State of California's authority under the CAA by either granting or denying the waiver request submitted by the State of California on December 21, 2005. If EPA determines that the California standards are a

valid exercise of the State's authority under the CAA, then NHTSA is required to consider the effect of those standards on fuel economy. Thus, in the final analysis, the addition of an EPCA-based count adds nothing to the central thrust of the complaint. The preemption allegation is premature in this instance for the same reason such allegation is premature under the CAA in Count II.

As we have seen, the most relevant criteria in Section 177, in this case, is that an EPA waiver of preemption must issue before states can enforce the California emission standards. It is difficult to hypothesize (which is what Plaintiffs are asking this Court to do), therefore, how RIDEM could violate EPCA if the federal government itself grants California's waiver request. This is precisely what the federal government is authorized to do by Congress where the criteria of Section 209(b) of the CAA are satisfied. The EPCA count, therefore, merely leads us back to the main point – Counts I and II lead to the yet unanswered question of EPA's waiver decision.

In the end, EPA may well deny the waiver request, in which case Reg. 37 will be a dead letter on its own terms, and all parties involved, including the Court, will have wasted time and resources for naught.

## CONCLUSION

WHEREFORE, Defendant, RIDEM, respectfully prays that this court grant the requested relief and dismiss Plaintiff's case for lack of subject matter jurisdiction.

Respectfully Submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Tricia K. Jedele #5958
Michael Rubin #3656
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

Of Counsel:

Timothy Pavilonis, Esq.
Office of Legal Counsel
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 7th day of April, 2006 to those indicated below:

Raymond B. Ludwiszewski, Esq.
Charles H. Haake, Esq.
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave. NW
Washington, DC 20036

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Mary C. Dunn, Esq.
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

Colleen Cole