# Air Resources Board

Alan C. Lloyd, Ph.D.
*Agency Secretary*

1001 I Street • P.O. Box 2815
Sacramento, California 95812 • www.arb.ca.gov

Arnold Schwarzenegger
*Governor*

December 21, 2005

BY UPS – Tracking No 1Z9588692210132392

Stephen L. Johnson, Administrator
U.S. Environmental Protection Agency Headquarters
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Mail Code 1101A
Washington, D.C. 20460

Re: Regulations to Control Greenhouse Gas Emissions From Motor Vehicles; Request for Waiver of Preemption Under Clean Air Act Section 209(b)

Dear Mr. Johnson:

I am writing to request that you grant the State of California a waiver of preemption under Clean Air Act (CAA or Act) section 209(b) for its Greenhouse Gas Emission Regulations.[1] These regulations establish declining fleet average greenhouse gas emission standards for passenger vehicles, beginning with the 2009 model year. We trust that you will continue the long tradition of the U.S. Environmental Protection Agency (U.S. EPA) in applying waiver law and broad federalism principles that for more than three decades of waiver practice have made implementation of section 209(b) a success for California and the nation, as Congress intended.

At its September 23-24, 2004 hearing, California's Air Resources Board (CARB or Board) approved the adoption and amendment of regulations affecting passenger car, light-duty trucks, and medium-duty passenger vehicles currently covered under California's second-generation Low-Emission Vehicle (LEV II) program.[2] The Greenhouse Gas Emission Regulations affect vehicles that will be certified for sale in California beginning with the 2009 model year. Like parts of the LEV II program, the

[1] We understand that some might argue that greenhouse gases are not "air pollutants" within the scope of the Clean Air Act. This is not our understanding of the scope of the Clean Air Act generally or of section 209 more specifically, and therefore we are submitting this waiver request. Nevertheless, because this issue has been raised, we reserve our right to assert (at a later time) that no new waiver is required for California to adopt or enforce the subject regulations.
[2] U.S. EPA has granted California a waiver of preemption for its LEV II standards and test procedures, as amended. 68 Fed.Reg. 19811 (April 22, 2003).

*The energy challenge facing California is real. Every Californian needs to take immediate action to reduce energy consumption. For a list of simple ways you can reduce demand and cut your energy costs, see our website: http://www.arb.ca.gov*

California Environmental Protection Agency

*Printed on Recycled Paper*

Alan C. Lloyd, Ph.D.
*Agency Secretary*

# Air Resources Board

1001 I Street • P.O. Box 2815
Sacramento, California 95812 • www.arb.ca.gov

Arnold Schwarzenegger
*Governor*

December 21, 2005

BY UPS – Tracking No 1Z9588692210132392

Stephen L. Johnson, Administrator
U.S. Environmental Protection Agency Headquarters
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Mail Code 1101A
Washington, D.C. 20460

Re: Regulations to Control Greenhouse Gas Emissions From Motor Vehicles; Request for Waiver of Preemption Under Clean Air Act Section 209(b)

Dear Mr. Johnson:

I am writing to request that you grant the State of California a waiver of preemption under Clean Air Act (CAA or Act) section 209(b) for its Greenhouse Gas Emission Regulations.[1] These regulations establish declining fleet average greenhouse gas emission standards for passenger vehicles, beginning with the 2009 model year. We trust that you will continue the long tradition of the U.S. Environmental Protection Agency (U.S. EPA) in applying waiver law and broad federalism principles that for more than three decades of waiver practice have made implementation of section 209(b) a success for California and the nation, as Congress intended.

At its September 23-24, 2004 hearing, California's Air Resources Board (CARB or Board) approved the adoption and amendment of regulations affecting passenger car, light-duty trucks, and medium-duty passenger vehicles currently covered under California's second-generation Low-Emission Vehicle (LEV II) program.[2] The Greenhouse Gas Emission Regulations affect vehicles that will be certified for sale in California beginning with the 2009 model year. Like parts of the LEV II program, the

[1] We understand that some might argue that greenhouse gases are not "air pollutants" within the scope of the Clean Air Act. This is not our understanding of the scope of the Clean Air Act generally or of section 209 more specifically, and therefore we are submitting this waiver request. Nevertheless, because this issue has been raised, we reserve our right to assert (at a later time) that no new waiver is required for California to adopt or enforce the subject regulations.
[2] U.S. EPA has granted California a waiver of preemption for its LEV II standards and test procedures, as amended. 68 Fed.Reg. 19811 (April 22, 2003).

*The energy challenge facing California is real. Every Californian needs to take immediate action to reduce energy consumption. For a list of simple ways you can reduce demand and cut your energy costs, see our website: http://www.arb.ca.gov.*

California Environmental Protection Agency

*Printed on Recycled Paper*

regulations require declining fleet average emissions from new motor vehicles sold in California.

Attachment 1 to this letter is Executive Order G-05-061, which adopted the final regulatory language with appropriate findings. Attachment 2 is a comprehensive Support Document setting forth the basis for our request. This includes a description of the Greenhouse Gas Emission Regulations and parallel amendments to the LEV II test procedures incorporated by reference therein, a review of the criteria governing U.S. EPA's evaluation of California's waiver requests, and our demonstration that a proper application of those criteria must result in granting our request. Attachment 3 is a list of pertinent documents that are both enclosed herein and provided electronically on the enclosed CD-ROM. Most of the items listed in Attachment 3 are referred to in the Support Document.

If you need additional, general information regarding this request, please call me at (916) 445-4383. You may direct legal questions to David Aron Livingston, Senior Staff Counsel, at (916) 327-8406. You may direct technical questions to Chuck Shulock, Vehicle Programs Specialist, at (916) 322-6964.

This waiver submission reiterates that manufacturers' lead time to comply with California standards such as these begins no later than the date CARB adopts them in their final form. However, to provide greater certainty to affected parties including manufacturers, we request that U.S. EPA act expeditiously to review and approve this request.

Sincerely,

Catherine Witherspoon
Executive Officer

Attachments

cc: (next page)