determinations unless these arise in the context of a controversy 'ripe' for judicial resolution." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967), overruled on other grounds by, Califano v. Sanders, 430 U.S. 99, 105 (1977). The basic purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs., 430 U.S. at 148-49.

"[T]he ripeness inquiry contains both a constitutional and a prudential component." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (internal quotation marks omitted), cert. denied, __ U.S. __, 121 S. Ct. 1078 (2001). The constitutional component involves "measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical." Id. at 1139 (internal quotation marks omitted). The prudential component evaluates "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs., 430 U.S. at 149.[4]

The constitutional component of the ripeness inquiry is jurisdictional. Thomas, 220 F.3d at 1139. In order for a live controversy to exist, "[P]laintiff[] [must] face a realistic danger of sustaining a direct injury as a result of the [law's] operation or enforcement." Id. at 1139 (internal quotation marks omitted). Here,

---

[4] Since the constitutional component of ripeness is lacking in this action, the prudential element need not be reached. Thomas, 220 F.3d at 1141.