UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **THE ASSOCATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 06-69T** |
| **W. MICHAEL SULLIVAN, in his Official Capacity as Director of the Rhode Island Department of Environmental Management,** | : | |
| **Defendant.** | : | |

## DEFENDANT'S REPLY BRIEF

Defendant, State of Rhode Island submits this brief in reply to the arguments raised by Plaintiff, AIAM in its April 25, 2006 brief written in response to the Defendant's Rule 12(b)(1) Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

The promulgation of Reg. 37 is not causing Plaintiff to be faced with an immediate dilemma and thus Plaintiff is not entitled to pre-enforcement review of Reg. 37. Count I (EPCA) of Plaintiff's Complaint is not independently reviewable. The right to seek judicial review is predicated on the existence of a cognizable injury. If Reg. 37 remains unenforceable then Plaintiff has no injury. Deciding Count I absent the presence of an injury to the Plaintiff would result in the issuance of an advisory opinion on a significant legal question.

## ARGUMENT

### I. AIAM Is Not Entitled To Pre-Enforcement Review Because The Promulgation of Reg. 37 Does Not Present AIAM or its Members With An Immediate Dilemma.

Plaintiff's argument for pre-enforcement review is circular and begs the question: Is the instant action ripe for judicial review? In order to determine whether the injunctive and declaratory remedies Plaintiff seeks should be applied in this context, the promulgation of Reg. 37 must "arise in the context of a controversy 'ripe' for judicial resolution." Reno v. Catholic Social Services, Inc. 509 U.S. 43, 57, 113 S.Ct. 2485, 2495 (1993) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515 (1967). In determining whether pre-enforcement review is warranted in the context of an action seeking declaratory and injunctive relief the reviewing court must ask whether the "promulgation of the challenged regulations presented plaintiffs with the immediate dilemma to choose between complying with newly imposed, disadvantageous restrictions and risking serious penalties for violations." Reno v. Catholic Social Services, Inc. 509 U.S. 43, 57, 113 S.Ct. 2485, 2495 (1993) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 148-149, 87 S.Ct. 1507, 1515-1516, 18 L.Ed. 2d 681 (1967). This is essentially the hardship prong of the ripeness test. The United States Supreme Court recognized in Reno that the hardship prong would not be satisfied in every case where the Plaintiff is seeking pre-enforcement review. By way of example, the Court pointed to its earlier decision in Toilet Goods Assn., Inc. v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967) wherein it held:

> [A] challenge to another regulation, the impact of which could not 'be said to be felt immediately by those subject to it in conducting their day-to-day affairs,' would not be ripe before the regulation's application to the plaintiffs in some

> more acute fashion, since 'no irremediabl[y] adverse consequences flow[ed] from requiring a later challenge.'

Reno, 509 U.S. at 57, 113 S.Ct. 2496 (quoting Gardner, 387 U.S. at 164, 87 S.Ct. at 1524).

Reg. 37 has not been applied to Plaintiff or its members in any acute fashion and the harm that Plaintiff alleges is contingent upon events outside of the control of the State of Rhode Island or this Court.

Plaintiff claims that the uncertainty caused by the promulgation of Reg.37 means that "AIAM's members must presently decide to expend substantial resources [to comply with DEM regulations] which may turn out to be wasted, depending on later clarification of the law." AIAM Br. at 13 (quoting Ernst & Young, 45 F.3d at 536-37). Second, Plaintiff claims that the two-year-lead-time requirement could be reduced to nothing by the time EPA rules on the preemption waiver.

Reg. 37 is not the cause of AIAM's uncertainty. The uncertainties facing Plaintiff are part and parcel of the automobile manufacturing industry. In part, these uncertainties are created by the California Air Resources Board; the ongoing litigation in California concerning the CARB regulation; and CARB's application for a preemption waiver from EPA. Rhode Island merely incorporated California's standards by reference. Rhode Island simply would be looking for cars that were certified by the State of California to be sold in the Rhode Island markets. Indeed, Plaintiff seems to acknowledge this point in advancing its "uncertainty" argument, by referring entirely to the actions of CARB – actions, which cannot be addressed or resolved by this Court. AIAM Br. at 13. Thus, declaring Reg. 37 unlawful, preempted and invalid, will not eliminate those uncertainties.

The question of whether AIAM and its members will be left with enough lead-time to design automobiles that comply with vehicle emission standards, which may or may not be enforceable at some future date, is a red herring. If EPA grants the preemption waiver,[1] and if the greenhouse gas emission standards and the preemption waiver survived judicial scrutiny, and if Plaintiff were not provided with sufficient lead-time to manufacture compliant automobiles, then, at that time, a court could fashion some relief.[2]

II. The EPCA Count In Plaintiff's Complaint Is Not Independently Reviewable Unless Reg. 37 Is Enforceable.

In support of its position that Count I (EPCA), is independently reviewable, even absent a decision from EPA on the preemption waiver issue, AIAM argues that, "whether or not EPA grants California a Clean Air Act preemption waiver will have no impact on whether the DEM Regulations are 'related to fuel economy standards or average fuel

---

1 As Plaintiff points out in its brief, AIAM Br. at 17, in September, 2003, EPA declined to regulate "CO2 emissions from motor vehicles to the extent such standards would effectively regulate car and light truck fuel economy, which is governed by a comprehensive statute administered by DOT." Notice of Denial of Petition For Rulemaking, 68 Fed. Reg. 52922, 52929 (September 8, 2003). On April 8, 2005, the Commonwealth of Massachusetts, the State of Rhode Island, ten other states and the District of Columbia, appealed EPA's decision denying the Petition (the Petition was filed under Section 202 of the federal Clean Air). Commonwealth of Massachusetts, et al. v. EPA, 03-1361(D.C. Circuit). On July 15, 2005, the D.C. Circuit upheld EPA's decision not to regulate carbon dioxide in this context. The States petitioned the D.C. Circuit for Rehearing En Banc. Rehearing En Banc was denied on December 2, 2005. State Petitioners are now seeking United States Supreme Court review of this question through a Petition for Certiorari.

2 In the past, EPA has itself anticipated the need for additional lead-time and provided same in the context of its waiver decisions.

economy standards'."[3] See *AIAM Br.* at 12. While it may be true that the granting or denial of the Clean Air Act preemption waiver will not decide the legal question of whether vehicle emission standards regulating greenhouse gas emissions are preempted by EPCA, the real question is whether said decision would be required absent the existence of an injury to the Plaintiff.

In the context of the pending case, the EPCA claim is not ripe for review, nor does this Court have jurisdiction to address the issue absent a conclusion that Plaintiffs are being harmed by the unenforceable Reg. 37.

**CONCLUSION**

Should EPA regulate carbon dioxide as an air pollutant? Can one federal agency speak to the authority of another federal agency? Will the price of oil stabilize? Will gas continue to cost $3.00/gallon? The promulgation of Reg. 37 is no more to blame for the uncertainty faced by AIAM and it members than any of these unanswered questions.

Defendant respectfully submits, that Plaintiff's desire to have a particular legal question of significance decided does not make the issue ripe for judicial review.

---

[3] AIAM cites to the recent rulemaking by the National Highway Transportation Safety Administration ("NHTSA"), in which the NHTSA opines on the question of whether EPCA preempts state vehicle emission standards. See 71 Fed. Reg. 17,566, 17, 654 (April 6, 2006). NHTSA's opinion concerning the bounds of its own authority to prohibit state vehicle emission standards in the context of a rulemaking related to fuel economy standards is wholly irrelevant to the question of the whether the EPCA Count in AIAM's Complaint is ripe for judicial review. On May 2, 2006, the State of California, joined by the State of Rhode Island, seven other states and the District of Columbia filed a Petition for Review of NHTSA's Rule. See, People of the State of California v. National Highway Transportation Safety Administration , Docket No. 06-72317

Respectfully Submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Tricia K. Jedele #5958
Michael Rubin #3656
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

Of Counsel:

Timothy Pavilonis, Esq.
Office of Legal Counsel
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 15th day of May, 2006 to those indicated below:

Raymond B. Ludwiszewski, Esq.
Charles H. Haake, Esq.
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave. NW
Washington, DC 20036

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Mary C. Dunn, Esq.
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903