**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **W. MICHAEL SULLIVAN, in his official capacity as Director of the Rhode Island Department of Environmental Management,** <br><br> **Defendant.** | : | **C.A. No. 06-69T** |
| **LINCOLN DODGE, INC. et al.,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **W. MICHAEL SULLIVAN, in his official capacity as Director of the Rhode Island Department of Environmental Management,** <br><br> **Defendant.** | : | **C.A. No. 06-70T** |

**DEFENDANT'S OBJECTION TO MOTION TO STRIKE PORTIONS OF COUNSEL'S ORAL REBUTTAL ARGUMENT**

NOW HERE COMES Defendant, W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management and objects to the Plaintiffs' Motion to Strike for the reasons set forth in the attached memorandum of law.

Dated: November 20, 2006

Respectfully submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Of Counsel:

Patricia Allison Fairweather
Executive Legal Counsel
RI Dept. of Environmental
Management
235 Promenade Street
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

________________________________

Tricia K. Jedele, No. 5958
Special Assistant Attorney General
and Environmental Advocate
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**W. MICHAEL SULLIVAN, in his official capacity as Director of the Rhode Island Department of Environmental Management,**<br><br>**Defendant.** | : | **C.A. No. 06-69T** |
| **LINCOLN DODGE, INC. et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**W. MICHAEL SULLIVAN, in his official capacity as Director of the Rhode Island Department of Environmental Management,**<br><br>**Defendant.** | : | **C.A. No. 06-70T** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO STRIKE PORTIONS OF COUNSEL'S ORAL REBUTTAL ARGUMENT**

The argument Plaintiffs have mounted in opposition to the State's Motion to Dismiss revolves almost entirely around the meaning of the Energy Policy Conservation Act of 1975 ("EPCA"). It is within the confines of limited sections of this federal statute that Plaintiffs have attempted to derive the basis for the pre-enforcement review they seek. In support of their position that the local dealers in Rhode Island are presently injured by the lack of substantial lead-time provided for in the Clean Air Act, Plaintiffs

have discussed and cited to various portions of EPCA in their complaints, their briefs, and their oral argument. Indeed, Plaintiffs have even referred this Court to the National Highway Traffic Safety Administrations Transportation's (NHTSA) most recent regulations, in which NHTSA discusses preemption and lead time issues. During Plaintiffs rebuttal oral argument, Andrew Clubock, Esq., introduced charts and demonstrative devices, which were not previously produced to the Defendant and to which the Defendant did not have an adequate opportunity to review and/or respond.

During oral argument, lead counsel for the Defendant simply responded to the contrived and misleading allegations of harm raised by Plaintiffs' counsel and supported through his use of incomplete and therefore misleading demonstrative evidence. During oral argument, Plaintiffs' counsel was asking this Court to read one section of a comprehensive federal statute in isolation of the surrounding sections, which provide the full context and meaning of the statute, namely, that like the Clean Air Act, EPCA also provides a minimum lead-time of 18 months, which happens to be less than the two-year lead time provided for in the Clean Air Act. Like the Clean Air Act, which requires that "standards relating to the control of emissions from new motor vehicles or new motor vehicle engines . . . [be adopted] at least two years before commencement of the model year to which they apply," 42 U.S.C. § 7507(2), EPCA requires that:

> When the Secretary of Transportation prescribes an amendment under this section that makes an average fuel economy standard more stringent, the Secretary shall prescribe the amendment (and submit the amendment to Congress when required under subsection (c)(2) of this section) ***at least 18 months before the beginning of the model year to which the amendment applies***.

49 U.S.C. § 32902(g)(2).

Such a requirement assumes that compliance can be achieved within the period of 18 months.

To suggest that this Court must disregard that portion of the Defendant's oral argument, which refers the shorter lead-time in the EPCA statute is to suggest that this Court should not read the relevant provisions of EPCA in the context of this ripeness motion. This Court is fully capable of reading and interpreting the federal law without the aid of incomplete and misleading demonstrative devices, oral argument, or briefing, and although Defendant's mention of the EPCA lead time provision was well within the scope of the briefing and the oral argument before this Court, even if such portion of the Defendant's rebuttal argument were stricken, this Court would have the independent obligation to review the challenged federal statutes in the context of the pending ripeness motion.

For these reasons, the Defendant respectfully requests that the Plaintiffs' Motion to Strike portions of Defendant's oral argument be denied.

Dated: November 20, 2006

Respectfully submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Tricia K. Jedele
Tricia K. Jedele, No. 5958
Special Assistant Attorney General
and Environmental Advocate
tjedele@riag.ri.gov
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

Of Counsel:

Patricia Allison Fairweather
Executive Legal Counsel
RI Dept. of Environmental
Management
235 Promenade Street, 4th Floor
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the Objection to Motion to Strike and Supporting Memorandum of Law were served **by electronic means (ECF)** on this 20th day of November, 2006, to:

Bradford W. Kuster, Esq.
Conservation Law Foundation
27 North Main Street
Concord MA, 03301-4930

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Mary C. Dunn, Esq.
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

Patricia K. Rocha, Esq.
John A. Tarantino, Esq.
Katy A. Hynes, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Stuart A.C. Drake, Esq.
Andrew B. Clubok, Esq.
KIRKLAND & ELLIS, LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Patricia Allison Fairweather
Executive Legal Counsel
Office of Legal Counsel
RI Dept. of Environmental Management
235 Promenade Street, 4th Floor
Providence, RI 02908

Cynthia Giles, Esq.
Conservation Law Foundation
55 Dorrance Street, Suite 201
Providence, RI 02903-2221

and by first class mail, postage prepaid to:

David Bookbinder, Esq.
Sierra Club
408 C Street, NE
Washington, DC 20002

Charles H. Haake, Esq.
Raymond. B. Ludwiszewski, Esq.
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave. NW
Washington, DC 20036

/s/ Tricia K. Jedele