**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE ASSOCATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**W. MICHAEL SULLIVAN, in his Official Capacity as Director of the Rhode Island Department of Environmental Management,**<br><br>**Defendant.** | : | **C.A. NO. 06-69T** |

**DEFENDANT'S ANSWER TO COMPLAINT FILED BY**
**ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS**

Defendant W. Michael Sullivan ("Defendant") who is being sued in his official capacity as the state officer respectively in charge of the Rhode Island Department of Environmental Management ("DEM") hereby answers the complaint for injunctive and declaratory relief ("Complaint") filed by the Association of International Automobile Manufacturers ("AIAM").

**JURISDICTION AND VENUE**

1. The allegations in the first sentence of paragraph 1 are AIAM's characterizations and contentions regarding the contents of the Complaint, which speaks for itself, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the Complaint is the best evidence of its own contents. Responding to the second sentence of paragraph 1, Defendant admits that the named person is the state officer charged with enforcement of certain statutes and regulations, but denies all other allegations in the sentence. Defendant denies the allegations in the third sentence of paragraph 1.

2. The allegations in paragraph 2 are legal conclusions to which no response is

PDF created with pdfFactory trial version www.pdffactory.com

required. To the extent that a response is required, the Defendants deny these allegations.

**NATURE OF THE ACTION**

3. The allegations in paragraph 3 are AIAM's characterizations and contentions regarding the contents of the Complaint, which speaks for itself, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the Complaint is the best evidence of its own contents.

4. The allegations in paragraph 4 are AIAM's characterizations and contentions regarding the contents of Rhode Island's greenhouse gas regulations ("the Regulation") in question, which regulation speaks for itself, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the Regulation is the best evidence of its own contents.

5. Responding to the allegations in the first sentence of paragraph 5, Defendant admits that the Regulations are emissions standards, but denies all other allegations contained in paragraph 5. Additionally, AIAM is precluded by the doctrines of *res judicata*, claim and issue preclusion and collateral estoppel, from raising these allegations for adjudication.

6. The allegations contained in the first and second sentences of paragraph 6 are AIAM's characterizations and contentions regarding the contents of unnamed federal legislation regarding fuel economy and vehicular emissions. Defendant denies these allegations on the grounds that the unnamed federal statutes speak for themselves and are the best evidence of their own contents. Additionally, AIAM is precluded by the doctrines of *res judicata*, claim and issue preclusion and collateral estoppel from raising these allegations for adjudication. Defendants deny the allegations in the third sentence of paragraph 6.

7. The allegations contained in the first and second sentences of paragraph 7 are



PDF created with pdfFactory trial version www.pdffactory.com

AIAM's characterizations and contentions regarding the Energy Policy and Conservation Act of 1975 ("EPCA"), which speaks for itself, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that EPCA is the best evidence of its own contents. Defendant denies the allegations in the third sentence of paragraph 7. Additionally, AIAM is precluded by the doctrines of *res judicata*, claim and issue preclusion and collateral estoppel from raising these allegations for adjudication.

8. The allegations contained in the first, second, third, and fifth sentences of paragraph 8 are AIAM's characterizations and contentions regarding the Clean Air Act ("CAA"), which speaks for itself, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the CAA is the best evidence of its own contents. Responding to the allegations in the fourth sentence of paragraph 8, Defendant admits that the California motor vehicle regulations and the DEM Regulation are "identical" and that California has yet to obtain a waiver under the CAA Section 209(b) for its regulations, but denies all other allegations. Although Environmental Protection Agency ("EPA") Administrator Stephen Johnson issued a letter to Governor Schwarzenegger of California on December 19, 2007 in which the Administrator stated that EPA was denying California's request for a waiver under Section 209 (b)(1)(B) of the CAA. The State of Rhode Island has challenged the legality of EPA's decision. See State of California et al v. U.S. EPA, No. 09-70011 (9th Cir., Jan. 2, 2008). In response to the fifth sentence in paragraph 8, Defendant denies that the CAA expressly prohibits Defendant from adopting the Regulation, but admits that the Regulation cannot be enforced unless EPA's denial of California's waiver request is overturned.

9. Responding to the allegations in paragraph 9, Defendant admits that the Complaint



PDF created with pdfFactory trial version www.pdffactory.com

references 42 U.S.C. § 1983, and asks for injunctive and declaratory relief regarding the Regulation. However, Defendant denies any and all other allegations in paragraph 9.

**THE PARTIES**

10. In response to the allegations in the first four sentences in paragraph 10, Defendant admits that the Plaintiff identifies itself as the AIAM, lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations in paragraph 10, and on that basis, denies the allegations. In response to the allegations contained in the fifth sentence in paragraph 10, Defendant, upon information and belief, denies the allegation that any of the automobile manufacturers listed in paragraph 10 are currently subject to the Regulation. Defendant also incorporates by reference his answer to paragraphs 8. The allegation in the sixth sentence of paragraph 10 is a legal conclusion to which no response is required. To the extent a response is required the allegations in the sixth sentence are denied.

11. Defendant admits the allegations in the first and third sentences of paragraph 11. Responding to the allegations in the second and fourth sentences of paragraph 11, Defendant admits that Director Sullivan is authorized to enforce DEM regulations that are the subject of this action, and that the Director's office is in Providence, Rhode Island, and, as such he performs some of his official duties in Providence, but denies all other allegations.

**FACTUAL BACKGROUND**

12. Responding to the allegations in the first sentence of paragraph 12, Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations, and, on that basis, denies the allegations. The allegations in the second and third sentences of paragraph 12 are AIAM's characterizations and contentions regarding federal legislation that impacts the design and manufacture of automobiles, which federal legislation speaks for itself. To the extent



PDF created with pdfFactory trial version www.pdffactory.com

that a response is required, the Defendant denies these allegations on grounds that the federal legislation is the best evidence of its own contents. The allegations in the fourth sentence of paragraph 12 are AIAM's characterizations and contentions regarding the contents of the Regulation and actions of Congress, both of which speak for themselves, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the Regulation and the referenced actions of Congress are the best evidence of their own contents.

13. The allegations in paragraph 13 are AIAM's characterizations and contentions regarding federal regulations that may impact the motor vehicle industry, which federal regulations speak for themselves, and thus no response is required. To the extent a response is required, Defendant denies these allegations on the grounds that the federal regulations are the best evidence of their own contents. In response to any remaining allegations in paragraph 13, Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations and, on that basis, denies the allegations.

14. In response to the allegations in paragraph 14, Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations and, on that basis, denies the allegations.

15. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the first sentence of paragraph 15 and, on that basis, denies the allegations. The allegation in the second sentence of paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, the Defendant denies the allegations in the second sentence of paragraph 15, and any and all remaining allegations in paragraph 15.



PDF created with pdfFactory trial version www.pdffactory.com

**A. The Federal Government's National Regulation of Fuel Economy Through the Federal Energy Policy and Conservation Act**

16. The allegations in paragraph 16 are AIAM's characterizations and contentions regarding the Energy Policy and Conservation Act of 1975, which Act speaks for itself, and thus no response is required.. To the extent a response is required, Defendant denies the allegations on the grounds that EPCA is the best evidence of its own contents.

17. The allegations in paragraph 17 are AIAM's characterizations and contentions regarding the corporate average fuel economy standards ("CAFE Standards") promulgated under EPCA, which standards speak for themselves, and thus no response is required. To the extent a response is required, Defendant denies the allegations on the grounds that CAFE Standards are the best evidence of their own contents.

18. The allegations in paragraph 18 are AIAM's characterizations and contentions regarding the CAFE Standards, which standards speak for themselves, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the CAFE standards are the best evidence of their own content.

19. The allegations in paragraph 19 are AIAM's characterizations and contentions regarding certain NHTSA and EPA regulations, which regulations speak for themselves, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the referenced regulations are the best evidence of their own contents.

20. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in the first sentence of paragraph 20 and, on that basis, denies the allegations. The remaining allegations in paragraph 20 are AIAM's characterizations and contentions



PDF created with pdfFactory trial version www.pdffactory.com

regarding EPA's official fuel economy tests, which tests speak for themselves, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that the official fuel economy tests are the best evidence of their own contents.

21. The allegations in paragraph 21 are AIAM's characterizations and contentions regarding EPCA and a federal register notice published at 67 Fed. Reg. 77,015. EPCA and the referenced federal register notice speak for themselves, and thus no response is required. To the extent that a response is required, Defendant denies these allegations on the grounds that EPCA and the referenced federal register notice are the best evidence of their own contents.

**B. The Federal Government's National Regulation of Motor Vehicle Emissions Through the Clean Air Act**

22. The allegations in paragraph 22 are AIAM's characterizations regarding the Clean Air Act. Defendant denies these allegations on the grounds that the Clean Air Act speaks for itself and is the best evidence of its own content.

23. The allegations in paragraph 23 are AIAM's characterizations and contentions regarding certain 1970 Clean Air Act amendments. Defendant denies these allegations on the grounds that the 1970 amendments to the Clean Air Act speak for themselves and are the best evidence of their own content.

24. The allegations in paragraph 24 are AIAM's characterizations and contentions regarding Section 209 of the Clean Air Act. Defendant denies these allegations on the grounds that Section 209 of the Clean Air Act speaks for itself and is the best evidence of its own contents.

25. The allegations in paragraph 25 are AIAM's characterizations and contentions regarding Section 209 of the Clean Air Act. Defendant denies these allegations on the grounds that Section 209 of the Clean Air Act speaks for itself and is the best evidence of its own



PDF created with pdfFactory trial version www.pdffactory.com

contents.

26. The allegations in paragraph 26 are AIAM's characterizations and contentions regarding Sections 202 and 209 of the Clean Air Act. Defendant denies these allegations on the grounds that Sections 202 and 209 of the Clean Air Act speak for themselves and are the best evidence of their own contents.

27. Defendant denies AIAM's allegation in paragraph 27 that CO2 is not an air pollutant that may be regulated under Section 202(a) of the CAA. In Massachusetts v. EPA, 127 S.Ct. 1438 (2007), the United States Supreme Court reversed the agency and appellate court decisions relied upon by AIAM holding that CO2 can be regulated as an air pollutant under Section 202(a). Id. at 1462. To the extent that an additional response is Defendant denies these allegations.

28. The allegations in the first five sentences of paragraph 28 set forth AIAM's characterizations and contentions regarding Section 209 of the CAA. Defendants deny these allegations on grounds that Section 209 of the CAA speaks for itself and is the best evidence of its contents. Defendant admits that it took the EPA two years, from December 2005 to December 2007 to issue its determination on California's waiver request. As noted in Defendant's answers to paragraph 8, California and Rhode Island have challenged the legality of that decision. Defendant denies any remaining allegations in paragraph 28.

29. The allegations in paragraph 29 are AIAM's characterizations and contentions regarding Section 177 of the Clean Air Act. Defendant denies these allegations on the grounds that Section 177 of the Clean Air Act speaks for itself and is the best evidence of its own contents.

**C. The DEM Regulations**

30. The allegations in sentences one and two of paragraph 30 are AIAM's characterizations and contentions regarding the contents of California Assembly Bill 1493.



PDF created with pdfFactory trial version www.pdffactory.com

Defendant denies these allegations on the grounds that the California Assembly Bill 1493 speaks for itself and is the best evidence of its own contents. As to the remaining allegations, Defendant incorporates by reference his answers to paragraphs 8 and 28.

31. Defendant admits the allegations in the first sentence of paragraph 31. The remaining allegations in paragraph 31 are AIAM's characterizations and contentions regarding the contents of the Regulations. Defendant denies these allegations on the grounds that the Regulation speaks for itself and is the best evidence of its own contents.

32. The allegations in paragraph 32 are AIAM's characterizations and contentions regarding the contents of the Regulations. Defendant denies these allegations on the grounds that the Regulation speaks for itself and is the best evidence of its own content.

33. The allegations in paragraph 33 are AIAM's characterizations and contentions regarding the contents of the Regulations and certain California regulations. Defendant denies these allegations on the grounds that these regulations speak for themselves and are the best evidence of their own content.

**D. The DEM Regulations Conflict With Federal Law**

34. Responding to allegations in the first sentence of paragraph 34, Defendant admits that CO2 is ubiquitous, but lacks sufficient information or belief to form an opinion as to the truth of the remaining allegations and, on that basis, denies such allegations. Defendant admits the allegations in the second sentence of paragraph 34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 34, and, on that basis, denies such allegations.

35. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 35, and, on that basis, denies such allegations.

36. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 36, and, on that basis, denies such allegations.



PDF created with pdfFactory trial version www.pdffactory.com

37. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations in paragraph 37, and, on that basis, denies such allegations.

38. The allegations in paragraph 38 are AIAM's characterizations and contentions regarding the CAFE Standards and the Regulation. Defendant denies these allegations on the grounds that the CAFE Standards and the Regulation speak for themselves and are the best evidence of their own contents.

39. Defendant denies the allegations in the first sentence of paragraph 39. The remaining allegations in paragraph 39 are conclusions of law to which no response is required.

40. The allegations in the first sentence of paragraph 40 are AIAM's characterizations and contentions regarding EPCA. Defendant denies these allegations on the grounds that EPCA speaks for itself and is the best evidence of its own contents. Defendant denies the allegations in the second sentence of paragraph 40.

41. The allegations in the first four sentences of paragraph 41 are AIAM's characterizations and contentions regarding the contents of the CAFE Standards and the Regulations. Defendant denies these allegations on the grounds that the CAFE Standards and the Regulation speak for themselves and are the best evidence of their own content. Defendant lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the fifth sentence of paragraph 41, and, on that basis, denies such allegations.

42. The allegations in the first five sentences of paragraph 42 are AIAM's characterizations and contentions regarding the CAFE Standards and the Regulation. Defendant denies these allegations on the grounds that the CAFE Standards and the Regulation speak for themselves and are the best evidence of their own contents. Responding to the remaining allegations in paragraph 42, Defendant lacks knowledge or information sufficient to form an opinion as to the truth of the allegations and, on that basis, denies such allegations.



PDF created with pdfFactory trial version www.pdffactory.com

43. Defendant denies the allegations in paragraph 43.

44. The allegations in paragraph 44 are AIAM's characterizations and contentions regarding a federal register notice published at 70 Fed. Reg. 51,414-01. Defendant denies these allegations on the grounds that the federal register notice speaks for itself and is the best evidence of its own contents.

45. Defendant denies the allegations in paragraph 45 on grounds that the cited EPA decision has been reversed and vacated. In its Notice of Denial of Petition for Rulemaking, 68 Fed. Reg. 52922, EPA concluded that it could not regulate $CO_2$ emissions from motor vehicles because Congress delegated such authority exclusively to the Department of Transportation and NHTSA. In Massachusetts v. EPA, 127 S. Ct. 1438 (2007), the United States Supreme Court reversed and vacated that decision, holding that EPA has the statutory authority under the CAA to regulate the emission of greenhouse gases from new motor vehicles. Id. at 1461-62.

46. The allegations in the first and seventh sentences of paragraph 46 contain conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies these allegations. The allegations in the second and third sentences of paragraph 46 set forth AIAM's characterizations and contentions regarding Section 209 of the Clean Air Act. Defendant denies these allegations on grounds that Section 209 of the Clean Air Act speaks for itself and is the best evidence of its contents. Responding to the allegations in the fourth, fifth, and sixth sentences of paragraph 46, Defendant incorporates by reference his response to paragraphs 8 and 28.

47. The allegations in the first, third, and fourth sentences of paragraph 47 are legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies these allegations. Defendant lacks knowledge and information sufficient to



PDF created with pdfFactory trial version www.pdffactory.com

form an opinion as to the truth of the allegations in the second sentence of paragraph 47, and, on that basis, denies the allegations.

48. Defendant denies the allegations in the first sentence of paragraph 48. The allegations in the second sentence of paragraph 48 are AIAM's characterizations and contentions regarding the Regulation and EPA regulations. Defendant denies these allegations on the grounds that referenced regulations speak for themselves and are the best evidence of their own contents. Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations in the third sentence of paragraph 48, and, on that basis, denies such allegations.

49. Defendant denies the allegations in the first and third sentences of paragraph 49. Responding to the allegations in the second sentence of paragraph 49, Defendants admit that principles of sovereign and official immunity would preclude any claim for monetary injuries or damages by AIAM or its purported members, but deny all other allegations in the sentence.

50. Defendant denies each and every allegation in paragraph 50.

**<u>FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

**<u>Preemption Under The Federal Energy Policy And Conservation Act</u>**

51. Responding to the allegations set forth in paragraph 51, Defendant incorporates his responses to paragraphs 1 through 50, inclusive, as set forth above.

52. The allegations in paragraph 52 are AIAM's characterizations and contentions regarding EPCA. Defendant denies these allegations on the grounds that EPCA speaks for itself and is the best evidence of its contents.

53. Defendant denies each and every allegation in paragraph 53.

54. Defendant denies each and every allegation in paragraph 54.

55. Defendant denies each and every allegation in paragraph 55.



PDF created with pdfFactory trial version www.pdffactory.com

56. Defendant denies each and every allegation in paragraph 56.

57. The allegations contained in the first and second sentences of paragraph 57 are conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies these allegations. The second sentence is a contention to which no response is required. Defendant denies any remaining allegations in paragraph 57.

58. Responding to paragraph 58 of the Complaint, Defendant admits that AIAM requests a declaration that the Regulation is preempted by federal fuel economy law, but Defendant denies any remaining allegations in paragraph 58.

59. The allegations contained in paragraph 59 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 59.

**SECOND CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preemption Under The Federal Clean Air Act**

60. Responding to the allegations set forth in paragraph 60, Defendant incorporates its responses to paragraphs 1 through 59, inclusive, as set forth above.

61. The allegations in the second sentence of paragraph 61 are AIAM's characterizations and contentions regarding Section 209 of the Clean Air Act. Defendant denies these allegations on the grounds that Section 209 speaks for itself and is the best evidence of its own contents.

62. The allegations contained in paragraph 62 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

63. The allegations in the first and second sentences of paragraph 63 are AIAM's characterizations and contentions regarding Sections 209 and 177 of the Clean Air Act and the



PDF created with pdfFactory trial version www.pdffactory.com

Regulations. Defendant denies these allegations on the grounds that Sections 209 and 177 of the CAA and the Regulation speak for themselves. Responding to the allegations in the third sentence of paragraph 63 of the Complaint, Defendant, upon information and belief, admits that California has yet to obtain a waiver for the AB 1493 regulations under Section 209(b) of the Clean Air Act, and incorporates by reference his response to paragraphs 8, 28, 30, and 46. Defendant denies all other allegations in paragraph 63.

64. Defendant denies each and every allegation in paragraph 64.

65. The allegations contained in the first sentence of paragraph 65 are conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies these allegations. The second sentence is a contention to which no response is required. Defendant denies the remaining allegations in paragraph 65.

66. Responding to paragraph 66 of the Complaint, Defendant admits that AIAM requests a declaration that the GHG Regulations are preempted by the federal Clean Air Act, but denies all other allegations in paragraph 66.

67. The allegations contained in paragraph 67 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 67.

**PRAYER FOR RELIEF**

The remaining allegations in the Complaint are AIAM's prayers for relief to which no response is required. To the degree that a response is required, Defendant denies them.



PDF created with pdfFactory trial version www.pdffactory.com

**AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction over each and every one of AIAM's claims for relief.

2. The Complaint fails to state facts sufficient to sustain any claim for relief as against the Defendant.

3. AIAM lacks standing to assert the claims that are the subject of the Complaint.

4. AIAM's claims for relief should be dismissed under the doctrine of primary jurisdiction.

5. AIAM's claims are moot.

6. Venue is not proper.

7. The Clean Air Act authorizes Rhode Island to adopt California's emission standards for new motor vehicles.

8. The claims sought to be alleged are barred, in whole or in part, to the extent they are not described with sufficient particularity in the pleading.

9. The claims are barred, in whole or in part, because Plaintiff/s has/have failed to join all other parties needed for a just adjudication under F. R. Civ. P. 19.

10. The claims are barred, in whole or in part, under the doctrines of *res judicata,* collateral estoppel, judicial estoppel, and issue and claim preclusion.

11. The claims are barred, in whole or in part, under the doctrine of unclean hands and the failure on the part of AIAM to do equity.

12. The claims are barred, in whole or in part, to the extent they impermissibly usurp the authority of Rhode Island, California and other States to regulate air pollution from sources in



PDF created with pdfFactory trial version www.pdffactory.com

our respective states in violation of the United States Constitution and the Constitutions of Rhode Island and other States.

13. The Defendant relies on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserve their right to amend this Answer for purposes of asserting additional defenses.

**WHEREFORE**, the Defendant prays that:

1. The Complaint be dismissed;

2. AIAM take nothing by its action;

3. Judgment be awarded against AIAM and in favor of the Defendant;

4. The Court enter a declaration that the Regulations are not preempted or otherwise contrary to law under the theories espoused in AIAM's claims for relief;

5. That Defendant be awarded their costs of suit and attorneys' fees; and

6. The Court provide any other relief it deems appropriate in this matter.

Respectfully Submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Tricia K. Jedele
Tricia K. Jedele #5958
Special Assistant Attorney General
and Environmental Advocate
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, ext. 2400
Fax: (401) 222-3016

*Of Counsel*
Patty Allison Fairweather, Esq.
Chief Legal Counsel
John Langlois, Esq.
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence RI 02908



PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I, the undersigned, hereby certify that the foregoing was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Kristin E. Rodgers, Esq., ker@blishcavlaw.com
Mary C. Dunn, mcd@blishcavlaw.com
Joseph V. Cavanagh, JR., jvc@blishcavlaw.com
Patricia K. Rocha, Esq., procha@asplaw.com
John A. Tarantino, Esq., jtarantino@apslaw.com
Stuart A.C. Drake, Esq., sdrake@kirkland.com
Andrew B. Clubok, Esq., aclubok@kirkland.com
Cynthia J. Giles, Esq., cgiles@clf.org
Bradford W. Kuster, Esq., bkuster@clf.org

and by regular mail, postage pre-paid, on this 11th day of January, 2008 to those indicated below:

David J. Bookbinder
Sierra Club
408 C Street, NE
Washington, DC 20002
David.Bookbinder@sierraclub.org

Charles H. Haake, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
chaake@gibsondunn.com

Raymond B. Ludwiszewski, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
rludwiszewski@gibsondunn.com

/s/ Tricia K. Jedele



PDF created with pdfFactory trial version www.pdffactory.com