**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THE ASSOCATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,

Plaintiff,

v.

W. MICHAEL SULLIVAN, in his official capacity only as Director of the Rhode Island Department of Environmental Management,

Defendant,

and

CONSERVATION LAW FOUNDATION, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and ENVIRONMENTAL DEFENSE,

Intervenor Defendants.

C. A. No. 06-69T

**ANSWER OF INTERVENOR DEFENDANTS CONSERVATION LAW FOUNDATION, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL AND ENVIRONMENTAL DEFENSE TO COMPLAINT FILED BY ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS**

Intervenor Defendants Conservation Law Foundation, Natural Resources Defense Council, Environmental Defense and the Sierra Club (collectively "Intervenors") submit the following Answer to the complaint for injunctive and declaratory relief ("Complaint") filed by the Association of International Automobile Manufacturers ("AIAM"). All factual allegations not expressly admitted are denied.

**JURISDICTION AND VENUE**

1. The first sentence of paragraph 1 characterizes the allegations set forth in AIAM's Complaint. Intervenors deny these allegations on grounds that the Complaint speaks for itself

and is the best evidence of its contents. Intervenors admit that the named person in the second sentence of paragraph 1 is the state officer charged with enforcement of Rhode Island's air pollution statutes and regulations. Intervenors deny that Rhode Island's air pollution regulations for new motor vehicles, see Air Pollution Control Regulation No. 37, adopted pursuant to Rhode Island's authority under the federal Clean Air Act ("CAA"), 33 U.S.C. § 7507, are preempted by federal law or that the Court has jurisdiction to grant relief.

2. The allegations in paragraph 2 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenors deny these allegations.

**NATURE OF THE ACTION**

3. The allegations in paragraph 3 set forth AIAM's characterizations and contentions regarding the contents of the Complaint. Intervenors deny these allegations on grounds that the Complaint speaks for itself and is the best evidence of its contents.

4. The allegations in paragraph 4 set forth AIAM's characterizations and contentions regarding the Rhode Island Department of Environmental Management's ("DEM") regulations for emissions of greenhouse gas pollution from new motor vehicles ("the DEM regulations"). Intervenors deny these allegations on grounds that the DEM regulations speak for themselves and are the best evidence of their contents.

5. Intervenors admit that the DEM regulations are emissions standards, but deny all other allegations contained in paragraph 5. Additionally, AIAM is precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

6. The allegations contained in the first and second sentences of paragraph 6 set forth AIAM's characterizations and contentions regarding unnamed federal legislation governing

fuel economy and vehicular emissions. Intervenors deny these allegations on grounds that the unnamed federal statutes speak for themselves and are the best evidence of their contents. Additionally, AIAM is precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication. Intervenors deny the allegations in the third sentence of paragraph 6.

7. The allegations contained in the first and second sentences of paragraph 7 set forth AIAM's characterizations and contentions regarding the Energy Policy and Conservation Act of 1975 ("EPCA"). Intervenors deny these allegations on grounds that EPCA speaks for itself and is the best evidence of its contents. Intervenors deny the allegations in the third sentence of paragraph 7. Additionally, AIAM is precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

8. The allegations contained in the first, second, and third sentences of paragraph 8 set forth AIAM's characterizations and contentions regarding the CAA. Intervenors deny these allegations on grounds that the CAA speaks for itself and is the best evidence of its contents. Responding to the allegations in the fourth sentence of paragraph 8, Intervenors admit that the California motor vehicle regulations and the DEM regulations are "identical" and that California has yet to obtain a waiver under the CAA Section 209(b) for its regulations, but deny any and all other allegations. Although Environmental Protection Agency ("EPA") Administrator Stephen Johnson issued a letter to Governor Schwarzenegger of California on December 19, 2007 stating that EPA was denying California's request for a waiver, Intervenors, California, Rhode Island, and other states have challenged the legality of Administrator Johnson's decision. See Sierra Club et al. v. U.S. EPA, No. 08-70030 (9th Cir., Jan. 2, 2008); State of California v. U.S. EPA, No. 09-70011(9th Cir., Jan.2, 2008). Responding to the allegations in the fifth sentence of

paragraph 8, Intervenors admit that the DEM regulations cannot be enforced unless EPA's denial of California's waiver request is overturned, but deny any remaining allegations.

9. Responding to the allegations in paragraph 9, Intervenors admit that the Complaint references 42 U.S.C. § 1983, and asks for injunctive and declaratory relief regarding the Regulations. Intervenors deny all remaining allegations in paragraph 9.

## THE PARTIES

10. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 10 and, on that basis, deny the allegations. In response to the allegations contained in the fifth sentence in paragraph 10, Intervenors, upon information and belief, deny the allegation that any of the automobile manufacturers listed in paragraph 10 are currently subject to the DEM regulations. In regard to this point, Intervenors also incorporate by reference their answer to paragraph 8. The allegation in the sixth sentence of paragraph 10 is a legal conclusion to which no response is required. To the extent that a response is required, the Intervenors deny these allegations.

11. Intervenors admit the allegations in the first and third sentences of paragraph 11. Responding to the allegations in the second and fourth sentences of paragraph 11, Intervenors admit that Director Sullivan is authorized to enforce the DEM regulations that are the subject of this action, and that the Director's office is in Providence, Rhode Island. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and on that basis deny the allegations.

## FACTUAL BACKGROUND

12. The allegations in the first, second, and third sentences of paragraph 12 set forth AIAM's characterizations and contentions regarding unnamed federal legislation and regulations

impacting the motor vehicle industry. Intervenors deny these allegations on grounds that such federal legislation and regulations speak for themselves and are the best evidence of their contents. The allegations in the fourth sentence of paragraph 12 set forth AIAM's characterizations and contentions regarding the contents of the DEM regulations and actions of Congress. Intervenors deny these allegations on grounds that the DEM regulations and the actions of Congress speak for themselves and are the best evidence of their contents.

13. The allegations in paragraph 13 set forth AIAM's characterizations and contentions regarding unnamed federal regulations that impact the motor vehicle industry. Intervenors deny these allegations on grounds that such federal regulations speak for themselves and are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 13 and, on that basis, deny the allegations.

14. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, deny the allegations.

15. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 and, on that basis, deny the allegations. The allegation in the second sentence of paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, the Intervenors deny these allegations. Intervenors deny any remaining allegations in paragraph 15.

### A. The Federal Government's National Regulation of Fuel Economy Through the Federal Energy Policy and Conservation Act

16. The allegations in paragraph 16 set forth AIAM's characterizations and contentions regarding EPCA. Intervenors deny these allegations on grounds that EPCA speaks for itself and is the best evidence of its contents.

17. The allegations in paragraph 17 set forth AIAM's characterizations and contentions regarding the corporate average fuel economy standards ("CAFE") standards promulgated under EPCA. Intervenors deny these allegations on grounds that EPCA and the CAFE standards speak for themselves and are the best evidence of their contents.

18. The allegations in paragraph 18 set forth AIAM's characterizations and contentions regarding the CAFE Standards. Intervenors deny these allegations on grounds that the CAFE standards speak for themselves and are the best evidence of their contents.

19. The allegations in paragraph 19 set forth AIAM's characterizations and contentions regarding certain NHTSA and EPA regulations. Intervenors deny these allegations on grounds that such regulations speak for themselves and are the best evidence of their contents.

20. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 and, on that basis, deny the allegations. The remaining allegations in paragraph 20 are AIAM's characterizations and contentions regarding EPA's official fuel economy tests. Intervenors deny these allegations on grounds that EPA's official fuel economy tests speak for themselves and are the best evidence of their contents.

21. The allegations in paragraph 21 set forth AIAM's characterizations and contentions regarding EPCA and a federal register notice published at 67 Fed. Reg. 77,015. Intervenors deny these allegations on grounds that EPCA and the referenced federal register notice speak for themselves and are the best evidence of their contents.

**B. The Federal Government's National Regulation of Motor Vehicle Emissions Through the Clean Air Act**

22. The allegations in paragraph 22 set forth AIAM's characterizations regarding the CAA. Intervenors deny these allegations on grounds that the CAA speaks for itself and is the best evidence of its contents.

23. The allegations in paragraph 23 set forth AIAM's characterizations and contentions regarding certain 1970 amendments to the CAA. Intervenors deny these allegations on grounds that the CAA amendments speak for themselves and are the best evidence of their contents.

24. The allegations in paragraph 24 set forth AIAM's characterizations and contentions regarding Section 209 of the CAA. Intervenors deny these allegations on grounds that Section 209 of the CAA speaks for itself and is the best evidence of its contents.

25. The allegations in paragraph 25 set forth AIAM's characterizations and contentions regarding Section 209 of the CAA. Intervenors deny these allegations on grounds that Section 209 of the CAA speaks for itself and is the best evidence of its contents.

26. The allegations in paragraph 26 set forth AIAM's characterizations and contentions regarding Sections 202 and 209 of the Clean Air Act. Intervenors deny these allegations on grounds that Sections 202 and 209 of the Clean Air Act speak for themselves and are the best evidence of their contents.

27. Intervenors deny AIAM's allegation in paragraph 27 that $CO_2$ is not an air pollutant that may be regulated under Section 202(a) of the CAA. In Massachusetts v. EPA, 127 S. Ct. 1438 (2007), the United States Supreme Court reversed the agency and appellate court decisions relied upon by AIAM and instead held that $CO_2$ can be regulated as an air pollutant under Section 202(a). Id. at 1462. Intervenors deny any remaining allegations in paragraph 27.

28. The allegations in the first five sentences of paragraph 28 set forth AIAM's characterizations and contentions regarding Section 209 of the CAA. Intervenors deny these allegations on grounds that Section 209 of the CAA speaks for itself and is the best evidence of its contents. Responding to the allegations in the sixth sentence of paragraph 28, Intervenors admit that it took the EPA two years, from December 2005 to December 2007, to issue its determination on California's waiver request. As noted in Intervenors' answers to paragraph 8, Intervenors, California, Rhode Island and other states have challenged the legality of that decision. Intervenors deny any remaining allegations in paragraph 28.

29. The allegations in paragraph 29 set forth AIAM's characterizations and contentions regarding Section 177 of the CAA. Intervenors deny these allegations on grounds that Section 177 of the CAA speaks for itself and is the best evidence of its contents.

**C. The DEM Regulations**

30. The allegations in the first and second sentences of paragraph 30 set forth AIAM's characterizations and contentions regarding the contents of California Assembly Bill 1493. Intervenors deny these allegations on grounds that California Assembly Bill 1493 speaks for itself and is the best evidence of its contents. As to the remaining allegations, Intervenors incorporate by reference their answers to paragraphs 8 and 28.

31. Intervenors admit the allegations in the first sentence of paragraph 31. The remaining allegations in paragraph 31 set forth AIAM's characterizations and contentions regarding the contents of the DEM regulations. Intervenors deny these allegations on grounds that the DEM regulations speak for themselves and are the best evidence of their contents.

32. The allegations in paragraph 32 set forth AIAM's characterizations and contentions regarding the DEM regulations. Intervenors deny these allegations on grounds that the DEM regulations speak for themselves and are the best evidence of their contents.

33. The allegations in paragraph 33 set forth AIAM's characterizations and contentions regarding the DEM regulations and certain California regulations. Intervenors deny these allegations on grounds that these regulations speak for themselves and are the best evidence of their contents.

**D. The DEM Regulations Conflict with Federal Law**

34. Responding to allegations in the first sentence of paragraph 34, Intervenors admit that CO2 is ubiquitous, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny such allegations. Intervenors admit the allegations in the second sentence of paragraph 34. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 34, and, on that basis, deny such allegations.

35. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and, on that basis, deny such allegations.

36. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and, on that basis, deny such allegations.

37. Intervenors deny the allegations paragraph 37.

38. The allegations in paragraph 38 set forth AIAM's characterizations and contentions regarding the CAFE Standards and the DEM regulations. Intervenors deny these allegations on grounds that the CAFE Standards and the DEM regulations speak for themselves and are the best evidence of their contents.

39. Intervenors deny the allegations in the first sentence of paragraph 39. The remaining allegations in paragraph 39 are conclusions of law to which no response is required. To the extent that a response is required, the Intervenors deny these allegations.

40. The allegations in the first sentence of paragraph 40 set forth AIAM's characterizations and contentions regarding EPCA. Intervenors deny these allegations on grounds that EPCA speaks for itself and is the best evidence of its contents. The remaining allegations in paragraph 40 are conclusions of law to which no response is required. To the extent that a response is required, the Intervenors deny these allegations.

41. The allegations in the first four sentences of paragraph 41 set forth AIAM's characterizations and contentions regarding the CAFE Standards and the DEM regulations. Intervenors deny these allegations on grounds that the CAFE Standards and the DEM regulations speak for themselves and are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 41, and, on that basis, deny such allegations.

42. The allegations in the first five sentences of paragraph 42 set forth AIAM's characterizations and contentions regarding the CAFE Standards and the DEM regulations. Intervenors deny these allegations on grounds that the CAFE Standards and the DEM regulations speak for themselves and are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and, on that basis, deny such allegations.

43. Intervenors deny the allegations in paragraph 43.

44. The allegations in paragraph 44 set forth AIAM's characterizations and contentions regarding a federal register notice published at 70 Fed. Reg. 51,414-01. Intervenors deny these allegations on grounds that the federal register notice speaks for itself and is the best evidence of its contents.

45. Intervenors deny the allegations in paragraph 45 on grounds that the cited EPA decision has been reversed and vacated. In its Notice of Denial of Petition for Rulemaking, 68 Fed. Reg. 52922, EPA concluded that it could not regulate $CO_2$ emissions from motor vehicles because Congress delegated such authority exclusively to the Department of Transportation and NHTSA. In Massachusetts v. EPA, 127 S. Ct. 1438 (2007), the United States Supreme Court reversed and vacated that decision, holding that EPA has the statutory authority under the CAA to regulate the emission of greenhouse gases from new motor vehicles. Id. at 1461-62. Intervenors deny any remaining allegations in paragraph 45.

46. The allegations in the first and seventh sentences of paragraph 46 contain conclusions of law to which no response is required. To the extent that a response is required, the Intervenors deny these allegations. The allegations in the second and third sentences of paragraph 46 set forth AIAM's characterizations and contentions regarding Section 209 of the Clean Air Act. Intervenors deny these allegations on grounds that Section 209 of the Clean Air Act speaks for itself and is the best evidence of its contents. Responding to the allegations in the fourth, fifth, and sixth sentences of paragraph 46, Intervenors incorporate by reference their answer to paragraph 8.

47. The allegations in the first, third and fourth sentences of paragraph 47 are legal conclusions to which no response is required. To the extent that a response is required, the Intervenors deny these allegations. Regarding the allegations in the second sentence in paragraph 47, Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny such allegations.

48. Intervenors deny the allegations in the first sentence of paragraph 48. The allegations in the second sentence of paragraph 48 set forth AIAM's characterizations and

contentions regarding the DEM regulations and EPA regulations. Intervenors deny these allegations on grounds that these regulations speak for themselves and are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 48, and, on that basis, deny such allegations.

49. The allegations in paragraph 49 are conclusions of law to which no response is required. To the degree that a response is required, Intervenors admit that the principles of sovereign immunity and official immunity would preclude any claim for monetary injuries or damages, but deny all remaining allegations.

50. The allegations contained in the first sentence in paragraph 50 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations. Intervenors deny all remaining allegations in paragraph 50.

## FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preemption under the Federal Energy Policy and Conservation Act

51. Responding to the allegations set forth in paragraph 51, Intervenors incorporate their responses to paragraphs 1 through 50, inclusive, as set forth above.

52. The allegations in paragraph 52 set forth AIAM's characterizations and contentions regarding EPCA. Intervenors deny these allegations on grounds that EPCA speaks for itself and is the best evidence of its contents.

53. The allegations contained in paragraph 53 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

54. The allegations contained in paragraph 54 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

55. The allegations contained in paragraph 55 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

56. The allegations contained in paragraph 56 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

57. The allegations contained in the first and second sentences of paragraph 57 are conclusions of law to which no response is required. To the extent that a response is required, the Intervenors deny these allegations. On information and belief, Intervenors deny the remaining allegations in paragraph 57 and incorporate by reference Intervenors' answer to paragraph 46. Additionally, AIAM is precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

58. The allegations contained in paragraph 58 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations. Additionally, AIAM is precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

59. The allegations contained in paragraph 59 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations in paragraph 59. Additionally, AIAM is precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

**SECOND CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preemption under the Federal Clean Air Act**

60. Responding to the allegations set forth in paragraph 60, Intervenors incorporate their responses to paragraphs 1 through 59, inclusive, as set forth above.

61. The allegations in the second sentence of paragraph 61 set forth AIAM's characterizations and contentions regarding Section 209 of the CAA. Intervenors deny these allegations on grounds that Section 209 of the CAA speaks for itself and is the best evidence of its contents.

62. The allegations contained in paragraph 62 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations in paragraph 62.

63. The allegations in the first and second sentences of paragraph 63 set forth AIAM's characterizations and contentions regarding Sections 209 and 177 of the CAA and the DEM regulations. Intervenors deny these allegations on grounds that the CAA and the DEM regulations speak for themselves and are the best evidence of their contents. In response to the remaining allegations in paragraph 63 of the Complaint, Intervenors incorporate their responses to paragraphs 30 and 46.

64. Intervenors deny the allegations in paragraph 64.

65. The allegations contained in the first sentence of paragraph 65 are conclusions of law to which no response is required. The second sentence is a legal contention to which no response is required. To the extent that a response is required, the Intervenors deny these allegations. Intervenors deny the remaining allegations in paragraph 65 and incorporate by reference Intervenors' response to paragraph 46.

66. The allegations contained in the paragraph 66 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

67. The allegations contained in paragraph 67 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

## **PRAYER FOR RELIEF**

The remaining allegations in the Complaint are AIAM's prayers for relief to which no response is required. To the degree that a response is required, Intervenors deny these allegations.

## **AFFIRMATIVE DEFENSES**

1. AIAM lacks standing to assert the claims that are the subject of the Complaint.

2. The Court lacks subject matter jurisdiction over each of AIAM's causes of action.

3. The Complaint fails to state a claim upon which relief can be granted.

4. The CAA authorizes Rhode Island to adopt California's emission standards for new motor vehicles.

5. The claims are barred, in whole or in part, because Plaintiff failed to join all parties needed for a just adjudication under F. R. Civ. P. 19.

6. The claims are barred, in whole or in part, under the doctrines of *res judicata*, collateral estoppel, and issue and claim preclusion.

7. The Intervenors rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserve their right to amend this Answer for purposes of asserting additional defenses.

## RELIEF REQUESTED

**WHEREFORE**, the Intervenors pray that:

1. Judgment be awarded against the Plaintiff and in favor of Defendant and Intervenors;

2. The Court enter a declaration that Rhode Island's Regulation 37 does not violate federal law under the theories alleged in the Plaintiff's claims for relief;

3. Intervenors be awarded their costs of suit and attorneys' fees; and

4. The Court provide any other relief it deems appropriate in this matter.

Dated: January 11, 2008

Respectfully submitted,

/s/ Cynthia Giles____________
Cynthia Giles #5868
Conservation Law Foundation
55 Dorrance Street
Providence, RI 02903-2221
Phone: (401) 351-1102 Fax: (401) 351-1130
Email: cgiles@clf.org

Counsel for Intervenors Conservation Law Foundation, Sierra Club, Natural Resources Defense Council and Environmental Defense Fund

**CERTIFICATION**

I, the undersigned, hereby certify that the foregoing Answer was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Tricia K. Jedele, Esq., tjedele@riag.ri.gov
Kristin E. Rodgers, Esq., ker@blishcavlaw.com
Mary C. Dunn, Esq. mcd@blishcavlaw.com
Joseph V. Cavanagh, Jr., jvc@blishcavlaw.com
Patricia K. Rocha, Esq., procha@asplaw.com
John A. Tarantino, Esq., jtarantino@apslaw.com
Stuart A.C. Drake, Esq., sdrake@kirkland.com
Andrew B. Clubok, Esq., aclubok@kirkland.com
Bradford W. Kuster, Esq., bkuster@clf.org

and by regular mail, postage pre-paid, on this 11th day of January, 2008 to those indicated below:

David J. Bookbinder, Esq.
Sierra Club
408 C Street, NE
Washington, DC 20002

Charles H. Haake, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Raymond B. Ludwiszewski, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

_/s/ Cynthia Giles_______________
Cynthia Giles