**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,<br><br>Plaintiff,<br><br>v.<br><br>W. MICHAEL SULLIVAN, in his official Capacity as Director of the Rhode Island Department of Environmental Management,<br><br>Defendant. | : | C.A. No. 06-69T |
| LINCOLN DODGE, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>W. MICHAEL SULLIVAN, in his official Capacity as Director of the Rhode Island Department of Environmental Management,<br><br>Defendant. | : | C.A. No. 06-70T |

**REQUEST FOR JUDICIAL NOTICE**

Defendant, Rhode Island and Defendant-Intervenors request the Court take judicial notice of the following documents and statements:

1. Plaintiffs Alliance of Automobile Manufacturers ("AAM"), Chrysler Corporation, General Motors Corporation ("GM"), California new motor vehicle dealers and the Tulare County Farm Bureau's First Amended Complaint For Declaratory and Injunctive

PDF created with pdfFactory trial version www.pdffactory.com

Relief, No. 1:04-cv-06663-REC-LJO (E.D. Cal. filed Feb. 16, 2005) ("FAC-CA") (attached as Exhibit 1)

2. Plaintiffs AAM, Chrysler, GM, and Vermont new motor vehicle dealers' Complaint, No. 2:05-cv-00302 (D. Vt. filed Nov. 18, 2005) ("AAM-VT Complaint") (attached as Exhibit 2).
3. Plaintiff AIAM's Complaint for Injunctive and Declaratory Relief, No. 2:05-cv-00304 (D. Vt. filed Nov. 18, 2005) ("AIAM-VT Complaint") (attached as Exhibit 3).
4. Central Valley Chrysler-Jeep, Inc. v. Goldstene, No 1:04-cv-06663, Docket # 660 (E.D. Ca1. March 26, 2008) (attached as Exhibit 4).
5. Transcript from Rule 16 Conf., Feb. 14, 2006, at 35:9-13; and Id. at 14:18-23 (D.Vt. No. 2:05-cv-00302) (excerpted statements of Robert Hemley, counsel for Plaintiffs the Alliance, Chrysler, GM, and the Vermont new motor vehicle dealers, before the Vermont District Court. (attached as Exhibit 5).

Each of the above is an official public record from Plaintiffs' prior litigation involving identical issues as this case. Moreover, since they all involve filings by Plaintiffs, or statements by Plaintiffs' attorney to the court, the authenticity of these documents cannot be challenged. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993)(in motion to dismiss, courts may take judicial notice of documents the authenticity of which are not disputed by the parties, official public records, and documents central to plaintiffs' claim).

Additionally, in cases involving collateral estoppel, it is well settled that courts may take judicial notice of pleadings, transcripts, and facts developed in the prior litigation. See, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969), citing National Fire Ins. Co. of Hartford v. Thompson, 281 U.S. 331, 336 (1930), and cases cited therein (Supreme Court taking

PDF created with pdfFactory trial version www.pdffactory.com

judicial notice of litigation, and "not only of facts developed in the Record in this case, but also those shown in the opinions in the related case" heard two Terms prior between the same parties). See also Rasheed v. Duval 1995 WL 365994, 1 (1st Cir. 1995) (quoting 5A Wright & Miller, *Federal Practice and Procedure* § 1364, at 475-80 (1990)) ("court judgments and orders, judicial notice of prior pleadings, and transcripts of prior court proceedings, among other evidence, may be taken into account in deciding a Rule 12(b)(6) motion"); R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006) (Court of Appeals taking judicial notice of pleadings and transcript from prior litigation in state court in affirming district court's grant of motion for judgment on the pleadings that the instant litigation was precluded by doctrine of res judicata).

For these reasons, the Defendant and Defendant-Intervenors respectfully request the Court take judicial notice of the documents and excerpts referenced above.

PDF created with pdfFactory trial version www.pdffactory.com

Respectfully submitted,

Defendants
By their Attorney,

PATRICK C. LYNCH
Attorney General

*/s/ Tricia K. Jedele*

Tricia K. Jedele #5958
Special Assistant Attorney General
& Environmental Advocate
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-3016 (fax)

Defendant-Intervenors
By their Attorney,

*/s/ Cynthia J. Giles*

Cynthia J. Giles, Esq. #5868
Conservation Law Foundation
55 Dorrance Street
Providence, RI 02903
(401) 351-1102
(401) 351-1130 (fax)

*Stephen F. Hinchman, Esq.*
*David Bookbinder, Esq.*
*Melissa A. Hoffer, Esq.*
*Matthew F. Pawa, Esq.*

Pro Hac Vice Counsel
for Defendant Intervenors

**CERTIFICATION**

I hereby certify that on the 8th day of April, 2008, I sent a true copy of the within by electronic means (ECF) to:

Joseph V. Cavanagh, Jr.
jvc@blishcavlaw.com,

Andrew B. Clubok
aclubok@kirkland.com

Stuart C. Drake
sdrake@kirkland.com

Mary C. Dunn
mcd@blishcavlaw.com

Kristin E. Rogers
ker@blishcavlaw.com

Patricia K. Rocha
procha@apslaw.com
dhumm@apslaw.com
jtarantino@apslaw.com

and by regular mail to:

PDF created with pdfFactory trial version www.pdffactory.com

Charles H. Haake
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Raymond B. Ludwiszewski
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

*/s/ Tricia K. Jedele*

PDF created with pdfFactory trial version www.pdffactory.com

PDF created with pdfFactory trial version www.pdffactory.com