COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

GREEN MOUNTAIN CHRYSLER- *
PLYMOUTH-DODGE, et al. *
*
THE ASSOCIATION OF *
INTERNATIONAL AUTOMOBILE *
MANUFACTURERS *
V *
*
THOMAS W. TORTI, Secretary *
of Vermont Agency of *
Natural Resources, et al. * Civil File No. 05-302 & 304

RULE 16 CONFERENCE
Tuesday, February 14, 2006
Burlington, Vermont

BEFORE:

THE HONORABLE WILLIAM K. SESSIONS III
Chief District Judge

APPEARANCES:

ROBERT B. HEMLEY, ESQ. and MATTHEW B. BYRNE, ESQ., Gravel and Shea, 76 St. Paul Street, Burlington, Vermont; Attorneys for Plaintiffs (CV 05-302)

STUART A. DRAKE, ESQ., Kirkland & Ellis, LLP, 655 Fifteenth Street, N.W., Washington, D.C.; Attorney for Plaintiffs (CV 05-302)

Continued.....

ANNE E. NICHOLS
Registered Professional Reporter
United States District Court
Post Office Box 5633
Burlington, Vermont 05402
(802) 860-2227

possibly can, and the reality is, I think the undeniable reality is that even starting as we did in November of 2004, we will get to the finish line in Vermont before California, and because of the importance of not wasting a day or losing a day -- I shouldn't say waste -- we want to get a decision as fast as we can. This jurisdiction is attractive because it can offer us a decision faster than any other jurisdiction.

Now, you raise obviously a very good point. I mean, it would be, it would be un -- untruthful to suggest that if we lose in this state, we will not pursue remedies elsewhere and get the case to the Vermont -- to the United States Supreme Court.

THE COURT: Sure.

MR. HEMLEY: However, we don't know what the states would do if we are successful here. So that is again a question we don't really need to answer, but if we succeed here, perhaps they will rethink allowing the federal government to control this issue.

THE COURT: Well, my thought is to schedule the trial slightly after California; that perhaps you could arrive at agreements with the other side to submit much of the contested evidence in California here as well. You want separate -- you want a separate Second Circuit approach. Quite frankly, my guess is that I