UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| LINCOLN-DODGE, INC.; SMITHFIELD CHRYSLER JEEP, INC.; SIMON CHEVROLET-BUICK, LTD.; PAUL MASSE CHEVROLET, INC.; PAUL MASSE PONTIAC-CADILLAC-GMC, INC.; DELUXE AUTO SALES, INC.; TASCA AUTOMOTIVE GROUP, INC.; HURD CHEVROLET, INC.; HURD BUICK-PONTIAC-GMC TRUCK, INC.; ALLIANCE OF AUTOMOBILE MANUFACTURERS; DAIMLERCHRYSLER CORPORATION; and GENERAL MOTORS CORPORATION,<br>                Plaintiffs,<br><br>        v.<br><br>W. MICHAEL SULLIVAN, in his official capacity as Director of the Rhode Island Department of Environmental Management,<br>                Defendant. | Case No. 06-70 S |

Consolidated with

|  |  |
|---|---|
| THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,<br>                Plaintiff,<br><br>        v.<br><br>W. MICHAEL SULLIVAN, in his official capacity as Director of the Rhode Island Department of Environmental Management,<br>                Defendant. | Case No. 06-69 S |

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court in these consolidated actions are 1) Motion of the International Automobile Manufacturers' ("AIAM") for Entry

of Judgment Pursuant to Fed. R. Civ. P. 58(d) or in the Alternative Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) ("06-69 Motion"); and 2) Motion of the Alliance of Automobile Manufacturers ("AAM"), General Motors Corporation, and Chrysler LLC for Entry of a Fed. R. Civ. P. 54(b) Final Judgment or in the Alternative for Certification of an Interlocutory Appeal, and for a Stay ("06-70 Motion"). For the following reasons, the Court enters final judgment in favor of Defendant in case 06-69 and certifies an interlocutory appeal in case 06-70. Proceedings in this Court with respect to the remaining Plaintiff automobile dealers in the 06-70 action will be stayed pending appeal.

I. Discussion

As the Court writes principally for the parties, it need not discuss the background of these cases. A full discussion is set forth in the decision by Senior District Court Judge Ernest Torres (who has since taken in-active status) that sparked the instant motions: Lincoln-Dodge, Inc. v. Sullivan, 2008 WL 5054683, 588 F. Supp. 2d 224 (D.R.I. Nov. 21, 2008). Judge Torres granted Rhode Island Department of Environmental Management's ("RIDEM") motion for judgment on the pleadings based on issue preclusion as to Plaintiffs in both consolidated cases except the Rhode Island automobile dealers in the 06-70 action. Final judgment was not entered in either case, and all losing Plaintiffs (AIAM, AAM,

General Motors, Chrysler) now wish to appeal Judge Torres' issue preclusion decision.

As to the 06-69 action, the Court sees no reason not to direct the Clerk to enter final judgment against AIAM under Fed. R. Civ. P. 58. It is the only Plaintiff in that action and all its claims were disposed of by Judge Torres' decision.

The 06-70 action is different. This is because of the remaining claims of the Rhode Island automobile dealers whom Judge Torres ruled were not precluded, and because the issue sought to be appealed by the plaintiffs deemed precluded (AAM, General Motors and Chrysler) is precisely the same as the issue sought to be appealed by AIAM in the 06-69 action -- namely, whether nonmutual "defensive" collateral estoppel applies or whether the preclusion exception set forth in section 29(7) of the Restatement (2d) of Judgments is available and appropriate.

AAM, General Motors and Chrysler request certification of an interlocutory appeal in the 06-70 action. Interlocutory appeals require an order 1) that involves a controlling question of law; 2) as to which there is substantial ground for difference of opinion; and 3) for which an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). The Court is mindful that such appeals should be used "sparingly." Id. Nevertheless, the circumstances and

procedural posture of the 06-70 action meets the § 1292(b) criteria. The preclusion issue is important and presents a controlling question of law as to which there is a substantial ground for differing opinions.[1] The Court is unaware of, and the parties have not cited to, any decision by the First Circuit addressing the question or applicability of the relevant Restatement sections, and is persuaded that the issue transcends "garden variety legal argument." In re Bank of New England Corp., 218 B.R. 643, 653 (B.A.P. 1st Cir. 1998). More important, permitting AAM, General Motors and Chrysler (06-70) to appeal the same threshold issue as AIAM (06-69) would materially advance the ultimate resolution of these cases, limit piecemeal adjudication of issues and conserve judicial resources.

Finally, all proceedings in the 06-70 action with respect to the remaining Plaintiff Rhode Island automobile dealers will be stayed pending appeal. No party will be prejudiced, and a stay will conserve the Court's resources and avoid needless expense by the parties. It will also prevent any Plaintiff, most notably AIAM in the 06-69 matter, from being "boxed out" of arguing the substantive merits of this dispute (federal preemption) while prosecuting its appeal.

---

[1] See, e.g., Pharm. Care Mgmt. Ass'n v. District of Columbia, 522 F.3d 443 (D.C. Cir. 2008); Af-Cap Inc. v. Chevron Overseas (Congo) Ltd., 475 F.3d 1080 (9th Cir. 2007); Wade v. Brady, 460 F. Supp. 2d 226 (D. Mass. 2006).

II. Conclusion

For the foregoing reasons, the Court hereby GRANTS AAM, General Motors and Chrysler's motion for certification of Judge Torres' Nov. 21, 2008 Memorandum and Order for interlocutory appeal in the 06-70 action pursuant to 28 U.S.C. § 1292(b).[2]  All remaining 06-70 proceedings in this Court shall be stayed.  The Clerk is directed to enter final judgment in the 06-69 action.
IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date: 3/4/09

---

[2] Given the Court's determination that certification of an interlocutory appeal is appropriate, discussion of judgment under Fed. R. Civ. P. 54(b) is unnecessary.

5